IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

GEORGE BESADA )
)
v. ) NO. 3:24-cv-00313
)
ECS SOUTHEAST, LLP )

TO: Honorable Aleta A. Trauger, United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 23, 2024 (Docket Entry No. 11), this *pro se* employment discrimination case was referred to the Magistrate Judge for pretrial proceedings.

Currently pending before the Court is the motion for summary judgment filed by Defendant ECS Southeast, LLP (Docket Entry No. 33). Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion for summary judgment be granted.

## I. BACKGROUND

George Besada ("Plaintiff") is a resident of Mt. Juliet, Tennessee. He is a former employee of ECS Southeast, LLP ("Defendant"), having worked there from January 3, 2023, to May 2, 2023, when he was terminated from employment. He brings this lawsuit alleging employment discrimination on account of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. ("ADA").

Plaintiff was hired to be a Field Technician in Defendant's Field Services Department and began his employment with an initial 90 day introductory period. As a Field Technician, Plaintiff

was required to drive to construction and other worksites, where he was involved in field observation, testing, sampling, and inspection of soils, aggregates, concrete, grout, masonry, asphalt, and structural steel placement. The position required extensive travel and driving and required Plaintiff to provide his own vehicle and to have an acceptable driving record. Plaintiff's direct supervisor during his employment was Ramy Bekheet ("Bekheet"), who was a Senior Project Manager at the time.

On the morning of March 14, 2023, Plaintiff was driving to a job site in his personal van and was involved in a serious, single-vehicle accident when his van left the roadway, hit a wall or sign, flipped, and sustained significant damage. He was injured in the accident and was transported by ambulance to a local hospital for treatment of injuries to his back, leg, and arms. A few days later, he went to another hospital's emergency room for treatment.

Jessica Frederick, Defendant's Worker's Compensation and Safety Coordinator, contacted Plaintiff after the accident to coordinate his future treatment with a physician through Defendant's worker's compensation insurance carrier. Plaintiff was examined on March 20 and 23, 2023, by a medical provider at Concentra Urgent Care. As a result, Plaintiff was prescribed physical therapy and was placed on modified work/activity restrictions, including a restriction on any driving. The Concentra medical provider noted in his March 23rd assessment of Plaintiff that, in addition to muscular strains and abrasions, Plaintiff had "unspecific syncope type," due to his assertion that he may have "blacked out" at the time of the accident, and the provider referred Plaintiff to a local hospital's emergency room for assessment of the need for a CT scan.[1] However, the hospital staff declined to perform the scan because Plaintiff had not exhibited any

---

[1] *See* Docket Entry No. 37-1 at 72-86.

2

Case 3:24-cv-00313   Document 42   Filed 10/23/25   Page 2 of 14 PageID #: 388

post-accident symptoms that warranted the scan.[2] On March 30, 2023, Plaintiff was again seen at Concentra. At this time, he was released from medical care to return to work with no restrictions other than a "no driving" restriction.[3] Because of Plaintiff's inability to drive during this time period, Defendant coordinated rideshare transportation for Plaintiff to attend the Concentra medical visits.

From the time of his accident to his termination, Plaintiff remained employed by Defendant but was not returned to his Field Technician position because of the no driving restriction. Instead, Defendant permitted Plaintiff to temporarily perform on-line training and testing work remotely from his home during this time period. On April 24, 2023, Carol Markum, Defendant's Office Administrative Manager, spoke with Plaintiff and followed up with an e-mail about Plaintiff's need to get a second medical opinion that lifted the no driving restriction and to provide documentation of such in order to resume his Field Technician job. Markum gave Plaintiff a deadline of April 28, 2023, to provide this documentation.[4] When this deadline passed without any documentation from Plaintiff, Markum contacted Plaintiff again about the matter and the need to provide a release of the no driving restriction. On May 5, 2023, Plaintiff was notified by letter that his employment was terminated, effective May 2, 2023, because of his failure to obtain a doctors certification releasing him to return to work.[5]

Believing that he was treated wrongfully by Defendant, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")[6] and received a

---

[2] *See* Docket Entry No. 39-1 at 15-16.
[3] *See* Docket Entry No. 37-1 at 87-101.
[4] *Id.* at 108.
[5] *Id.* at 109.
[6] Plaintiff's charge of discrimination has not been made a part of the record by either party.

right-to-sue letter on or about January 25, 2024. Plaintiff thereafter filed this *pro se* lawsuit on March 18, 2024. *See* Complaint (Docket Entry No. 1). In a somewhat sparse complaint that does not request any specific form of relief, Plaintiff asserts that Defendant failed to accommodate his disability in violation of the ADA and sets out the following factual allegations:

> I was hired by ECS Southeast LLP on January 3, 2023. On March 14, 2023, I was injured in an accident while traveling for work. ECS required me to seek care through their provider, which I did. I was discharged May 02, 2023, after providing my employer a return to work which included driving restrictions. My employer did not engage in the interactive process to find accommodation. I believe I have been discriminated against because of by disability in violation of the Americans with Disability Act of 1990, as amended.

*Id*. at 5 and 7.

After Defendant filed an answer (Docket Entry No. 17), the Court entered a scheduling order that provided for a period of pretrial activity, including a period for discovery. The parties were unsuccessful in an early attempt to settle the case. *See* Docket Entry No. 21. A jury trial has not been demanded by either party, and a trial date has not been set pending the resolution of Defendant's dispositive motion.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. In support of its motion, Defendant relies upon: (1) a statement of undisputed material facts ("SUMF") (Docket Entry No. 35); (2) the declaration Ramy Bekheet (Docket Entry No. 36-1); (3) the declaration and exhibits attached thereto of Carol Markum (Docket Entry No. 36-2); and, (4) excerpts from Plaintiff's deposition transcript and exhibits attached thereto (Docket Entry Nos. 37-1 and 37-2).

Defendant contends that Plaintiff's ADA discrimination claim lacks evidentiary support and that genuine issues of material fact do not exist that require the claim proceed to a trial for resolution. Defendant asserts that it is undisputed that the ability to extensively drive to and from worksites is an essential function of the Field Technician job and that Plaintiff could not perform this function because of the no driving restriction that was in place in the aftermath of the accident. Defendant further contends that it is undisputed that Plaintiff failed to request or propose any type of reasonable accommodation that would allow him to perform the Field Technician job with the driving restriction in place and that it is further undisputed that, prior to his termination, Plaintiff did not provide a medical release to Defendant that removed the driving restriction. Given these undisputed facts, Defendant argues that Plaintiff cannot show that he was a "qualified individual" under the ADA. Accordingly, Defendant argues that it is entitled to summary judgment as a matter of law. *See* Defendant's Memorandum of Law (Docket Entry No. 34) at 8-13.

Plaintiff responds in opposition to the motion with a brief (Docket Entry No. 39) and with several documents attached to his brief (Docket Entry No. 39-1). Although Plaintiff points out in his response the exhibits upon which he relies for his opposition to the motion for summary judgment and disputes the declarations of Ramy Bekheet and Carol Markum, he has not filed a response to Defendant's SUMF. Plaintiff argues that his assessment of "syncope" is a mental disease that renders him disabled under the ADA. He contends that Defendant failed to accommodate his disability and instead terminated his employment. Pointing to the declaration statement of Bekheet that he denied Plaintiff's inquiry about using a company vehicle to perform his job, Plaintiff contends that Defendant has essentially confirmed that it failed to provide Plaintiff with an accommodation. *See* Response at 4. Plaintiff further appears to suggest that Defendant

5

should have accommodated him with "alternative transportation." *Id*. Finally, Plaintiff contends that he should have been provided with a CT scan and that he was not provided with health insurance coverage while working for Defendant, which he asserts hindered him in obtaining a medical release from his driving restriction and amounted to discrimination. *Id*. at 4-6.

In reply, Defendant asserts that Plaintiff has not responded to its SUMF and has not adequately rebutted its arguments for summary judgment. Defendant contends that there is nothing contained in Plaintiff's response, including in his supporting evidence, that shows the existence of genuine issues of material fact. *See* Reply (Docket Entry No. 40). Defendant provides a supplemental declaration of Carol Markum (Docket Entry No. 41) and attachments thereto (Docket Entry Nos. 41-1 and 41-2) with its reply.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The moving party has the burden of showing the absence of genuine factual disputes. *Anderson*, at 249-50; *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th

Cir. 2018). If the summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Pittman,* 901 F.3d at 628. The nonmoving party "is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her claims; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). In doing so, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

## IV. ANALYSIS

In light of Plaintiff's *pro se* status, the Court has given him a considerable measure of leeway in the consideration of his response in opposition to the motion for summary judgment. Even with this leeway, however, his response is not sufficient to rebut the motion for summary judgment because there is a lack of evidence in the record that supports Plaintiff's claim of unlawful discrimination because of a disability. While the Court sympathizes with Plaintiff's situation of losing his job, the evidence in the record simply would not permit a reasonable trier of fact to find that his rights under the ADA were violated when Defendant did not return him to his

Field Technician job, did not provide an accommodation for him remain in that job, and ultimately terminated his employment. Any factual disputes that exist do not rise to the level of genuine issues of material fact that must be resolved at trial. Accordingly, Defendant is entitled to summary judgment in its favor.

A. Plaintiff's Response

Like many *pro se* parties who respond to a motion for summary judgment, Plaintiff has attempted to support his case as well as possible as a non-attorney. Nonetheless, Plaintiff's response suffers from shortcomings that cannot be disregarded merely because he is proceeding *pro se*.

In his response in opposition to the motion, Plaintiff includes several factual assertions regarding his claim. However, he has not provided an affidavit or declaration that supports these factual assertions. When opposing a motion for summary judgment, a party cannot rely on allegations or denials in unsworn filings. *Viergutz v. Lucent Techs., Inc.*, 375 Fed.Appx. 482, 485 (6th Cir. 2010). Unsworn factual statements in a response, such as those made by Plaintiff here, are not sufficient evidence to rebut a motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n. 1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991).

Additionally, although Plaintiff points out in his response the documents that he contends support his claim, he has not filed a specific response to Defendant's SUMF as required by Local Rule 56.01(c). Local Rule 56.01(g) provides that when a party fails to respond to a moving party's statement of material facts, "the asserted facts shall be deemed undisputed for the purposes of summary judgment." Thus, the facts set forth in Defendant's SUMF, which are supported by

8

evidence from Defendant, are properly viewed by the Court as undisputed for the purposes of reviewing the motion for summary judgment.

B.  Defendant's Undisputed Facts

As set out in Defendant's unrebutted SUMF:

1. Plaintiff was required in the Field-Technician position to drive his personal vehicle extensively to various construction and other work sites;

2. On March 20, 23, and 30, 2023, Plaintiff was treated by a Concentra Urgent Care Clinic physician, who placed a continuing "no driving" medical restriction on Plaintiff;

3. Because of the continuing "no driving" medical restriction, Plaintiff could not drive to job sites as required for his Field Technician position;

4. Defendant allowed Plaintiff temporarily to do certain "light duty" training and testing work remotely from his home;

5. Defendant denied Plaintiff's request to use a company vehicle in the light of his continuing "no driving" medical restriction; and,

6. Plaintiff never provided Defendant with a medical release of his "no driving" restriction as requested by Defendant.

*See* SUMF.

C.  Disability Discrimination Claim under the ADA

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  Adverse actions taken by an employer against an

employee because of the employee's disability are unlawful. *See Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 317-21 (6th Cir. 2012) (*en banc*). Discrimination under the ADA also includes an employer's refusal to grant a "reasonable accommodation" for an employee's disability. *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 811 (6th Cir. 2020).7

Under the ADA, the term "qualified individual" means "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Thus, if an individual's disability renders the individual, with or without a reasonable accommodation, unable to perform the essential functions of the job at issue, the individual is not a "qualified individual" protected by the non-discrimination provisions of Section 12112. *See Stanley v. City of Sanford, Fla.*, ___U.S.___, 145 S. Ct. 2058, 2065 (2025); *Wagner v. Sherwin-Williams Co.*, 647 Fed.App'x 645, 647 (6th Cir. 2016). As the Sixth Circuit Court of Appeal succinctly stated in *Marshall v. Wayne Cnty.*, 2023 WL 2707222 (6th Cir. Mar. 30, 2023):

> The ADA protects only those individuals who can perform the essential functions of their job. *See* 42 U.S.C. § 12112(a); *id.* § 12111(8); *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 801 (1999). When a plaintiff cannot perform those functions, even with reasonable accommodations, the ADA's protections do not apply. *Pol'y Mgmt. Sys. Corp.*, 526 U.S. at 806.

2023 WL 2707222 at *5.

This is exactly the scenario presented by the instant case. Plaintiff does not dispute that the ability to drive a vehicle, sometimes extensively, to and from worksites is an essential function of the Field Technician job. Plaintiff also does not dispute that the no driving restriction prevented

---

7 In its motion, Defendant does not raise an argument about whether Plaintiff has a "disability" within the meaning of the ADA and, thus, the Court presumes for the purposes of this motion that he satisfies this threshold requirement for his ADA claim.

him from performing this essential function of the Field Technician job. In such a situation, an ADA plaintiff simply cannot succeed on his claim. *See Wagner*, 647 Fed.App'x at 647 (store manager who was removed from his position because of a permanent driving restriction was not discriminated against under the ADA because the ability to drive was an essential job function).

Even though he acknowledges that he could not perform an essential function of the Field Technician job because of the driving restriction, Plaintiff complains that Defendant failed to offer him a reasonable accommodation. Plaintiff bears the burden of presenting evidence that he requested an accommodation that is reasonable on its face. *Blanchet v. Charter Commc'ns, LLC*, 27 F.4th 1221, 1229 (6th Cir. 2022); *Walsh v. United Parcel Serv.*, 201 F.3d 718, 725 (6th Cir. 2000) ("The burden of establishing that the proposed accommodation is reasonable remains with the plaintiff . . .").

Plaintiff cannot meet this burden because he cannot point to an accommodation that he actually requested that was reasonable and that would have permitted him to perform the essential functions of the Field Technician job. From the evidence that is in the record, it appears that the only accommodation actually requested by Plaintiff was to either be provided with a company vehicle to drive or to be provided with some type of rideshare or alternative transportation to the work sites.[8] However, neither of these proposed accommodations was a reasonable one. As long

---

[8] The Court notes that Plaintiff fails to present any actual affirmative evidence of his request for an accommodation. Instead, he appears to (1) not dispute the declaration statement from Bakheet that Plaintiff made a request to use a company vehicle, presumably because Plaintiff's own vehicle was inoperable due to the accident and (2) suggest that he requested "alternative transportation." *See* Response at 4.

To the extent that his reference to "alternative transportation" implies that he sought such an accommodation, Defendant specifically disputes that Plaintiff ever requested that Defendant provide him with rideshare transportation to perform his Field Technician job. *See* Supplemental Declaration of Carol Markum (Docket Entry No. 41) at ¶ 6. Because such a request by Plaintiff

11

as the driving restriction remained in place, it would have been unreasonable, and certainly unsafe to Plaintiff and to others, for Plaintiff to have driven any vehicle, let alone a company vehicle. Likewise, it would not have been a reasonable accommodation for Defendant to have required other employees to take over Plaintiff's driving responsibilities or to have paid for a rideshare service or for another person to drive Plaintiff to the worksites. *See Swank v. CareSource Mgmt. Grp. Co.*, 2015 WL 5853748, at *5 (N.D. Ohio Sept. 30, 2015) (rejecting the ADA plaintiff's argument that her former employer could have accommodated her inability to perform driving functions of her job by requiring other employes to take over the plaintiff's driving duties). An employer is "not required to assign existing employees or hire new employees to perform" an employee's essential job functions. *Bratten v. SSI Services, Inc.*, 185 F.3d 625, 622 (6th Cir. 1999). It is further axiomatic that an accommodation is *per se* unreasonable if it involves removing an essential function from a job, *EEOC v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015), which in the instant case was Plaintiff's ability to drive a vehicle on his own.

In the end, there is no proof in the record that Plaintiff could perform the essential function of driving that was required for the Field Technician position or that he proposed a reasonable accommodation that would have permitted him to perform this function. Accordingly, his ADA claim cannot succeed, whether the claim is premised upon the alleged lack of an accommodation or his ultimate termination due to the driving restriction. *See Wagner*, 647 Fed.App'x at 647; *Ford Motor Co.*, 782 F.3d at 766; *Earheart v. Cent. Transp. LLC*, 2022 WL 1445220, at *8 (M.D.Tenn. May 6, 2022) (Richardson, J.) (because the plaintiff, who was under a driving

---

would have been unreasonable, even if presumed to have been made, any factual dispute that exists about whether such a request was made does not amount to a genuine issue of material fact.

12

Case 3:24-cv-00313   Document 42   Filed 10/23/25   Page 12 of 14 PageID #: 398

restriction, failed to offer argument or proof that he could drive a company vehicle, which was an essential functions of his job, the defendant employer was entitled to summary judgment on claim that plaintiff was terminated from employment in violation of the ADA); *Anderson v. ProCopy Techs., Inc.*, 23 F.Supp.3d 880 (S.D. Ohio 2014) (defendant employer was entitled to summary judgment on ADA discrimination claim because evidence showed that the plaintiff's driving restriction prevented him from performing essential functions of his job and he failed to request a reasonable accommodation).

To the extent that Plaintiff contends that Defendant bears liability under the ADA because it failed to engage in the interactive process, this contention fails to save his lawsuit. To be sure, "once an employee requests an accommodation, the employer has a duty to engage in an interactive process." *Blanchet v. Charter Communications, LLC*, 27 F.4th 1221, 1232 (6th Cir. 2022) (quoting *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 857 (6th Cir. 2018)). However, an employer's alleged failure to engage in the interactive process is only an independent violation of the ADA if the plaintiff proposes a "reasonable accommodation." *Rorrer v. City of Stow*, 743 F.3d 1025, 1041 (6th Cir. 2014). Because there is no evidence in the record that Plaintiff ever proposed a reasonable accommodation to Defendant, he cannot succeed on an interactive process claim. *See Swank v. CareSource Mgmt. Grp. Corp.*, 657 Fed.App'x 458, 467 (6th Cir. 2016) ("because [the plaintiff] did not propose a reasonable accommodation to [the defendant employer] that would address her stated limitations, her interactive-process claim fails as a matter of law.")

Finally, Plaintiff contends in his response that Defendant's failure to provide him with health insurance during his employment constituted discrimination against him. *See* Response at 4-5. However, this contention is not made anywhere in Plaintiff's complaint and was not raised

13

by Plaintiff as a basis for his ADA claim. Although factual allegations concerning his health insurance may be relevant as background information, an independent and alternative ADA claim that is premised upon Plaintiff's inability to receive health insurance through Defendant is not a part of this lawsuit.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully **RECOMMENDS** that the motion for summary judgment filed by Defendant ECS Southeast, LLP (Docket Entry No. 33) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

**Signed By:**
***J. Gregory Wehrman***
**United States Magistrate Judge**