# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **GEORGE BESADA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:24-cv-00313** |
| **ECS SOUTHEAST, LLP,** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Before the court are plaintiff George Besada's Objections (Doc. No. 46) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 42), which recommends that the Motion for Summary Judgment (Doc. No. 33) filed by defendant ECS Southeast, LLP ("ESC") be granted and that this case be dismissed. ESC has filed a Response to the Objections. (Doc. No. 47.)

For the reasons set forth herein, the Objections will be overruled. The R&R will be accepted in its entirety, and the Motion for Summary Judgment will be granted.

## I.      STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.    BACKGROUND

This Memorandum presumes familiarity with the underlying record and sets forth herein only the facts and background necessary to the resolution of the plaintiff's Objections.

Plaintiff Besada filed his *pro se* Complaint initiating this action in March 2024, asserting that ECS, his former employer, violated the Americans with Disabilities Act ("ADA") when it discriminated against him based on a disability, failed to accommodate a disability, and failed to

engage in the interactive process. (Doc. No. 1.) The undersigned referred the matter to the Magistrate Judge under Federal Rule of Civil Procedure 72 to, among other things, enter a scheduling order, oversee discovery, and dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B).

Following a period of discovery and an unsuccessful settlement attempt, the defendant filed its Motion for Summary Judgment (Doc. No. 33), supporting Memorandum of Law (Doc. No. 34), Statement of Undisputed Material Facts ("SUMF") (Doc. No. 35), and the evidentiary material cited in support of its factual assertions, including excerpts of the plaintiff's deposition transcript. (Doc. Nos. 36, 37, and exhibits thereto.) Shortly after the defendant filed its motion, the Magistrate Judge entered an Order notifying the plaintiff of his responsibility to respond to both the motion and the SUMF and establishing a deadline for doing so. (Doc. No. 38.) Regarding the SUMF, the Magistrate Judge explicitly instructed the plaintiff that,

> in order to dispute the facts submitted by Defendant, he must *specifically respond to Defendant's statement of undisputed facts in accordance with Local Rule 56.01(c)*, by responding to each fact set forth by Defendant by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purposes of ruling on summary judgment; or (3) by demonstrating that the fact is disputed, with specific citation to the record. Plaintiff may include the responses to each fact listed on the same copy of the statement of undisputed facts with which he was served, and then file that document together with the response. If Plaintiff needs more space to respond to the statement of undisputed facts, Plaintiff may attach additional pages thereto.

(*Id.* at 1–2 (emphasis added).)

The plaintiff filed a Response to the Motion for Summary Judgment and attached thereto evidentiary material on which he apparently intended to rely, but he did not file a response to the SUMF. (*See* Doc. No. 39.) The defendant filed a Reply (Doc. No. 40), along with additional evidentiary material to counter the plaintiff's unsworn assertions in his Response.

The R&R expressly notes that the plaintiff, as a *pro se* litigant, was given a "considerable measure of leeway" but that the evidence of record would not permit a reasonable trier of fact to find that his rights under the ADA were violated when the defendant terminated him. (Doc. No. 42 at 7.) The R&R also observes that, although the plaintiff's Response includes factual assertions, the plaintiff failed to provide a declaration or affidavit and, further, did not respond to the SUMF, as a result of which he could not rebut the statements of fact set forth in the defendant's SUMF that are supported by sworn declarations, deposition testimony, and other admissible evidence in the record. (*Id.* at 8–9.)

Based on those undisputed facts, the R&R finds that, even assuming for purposes of his ADA claims that the plaintiff was disabled, (1) he was not a "qualified individual" protected by the anti-discrimination provisions of the statute; (2) the plaintiff has not shown that he requested a reasonable accommodation that would have permitted him to perform the essential functions of his job with ECS, assuming, for purposes of summary judgment, that he requested an accommodation at all; and (3) the defendant had no obligation to engage in the interactive process, because there is no evidence that the plaintiff requested a reasonable accommodation to trigger that process. Finally, with respect to the plaintiff's contention that the defendant's failure to provide him with health insurance during his employment was discriminatory, the R&R finds that this claim was not raised in the Complaint or articulated as a basis for his ADA claim. Although the availability of health insurance "may be relevant as background information," the R&R finds that "an independent and alternative ADA claim that is premised upon Plaintiff's inability to receive health insurance through Defendant is not a part of this lawsuit." (*Id.* at 14.)

Based on these findings, the R&R recommends that the defendant's Motion for Summary Judgment be granted and that this case be dismissed with prejudice.

## III.   THE OBJECTIONS

The plaintiff articulates specific objections, each of which the court addresses, albeit not in the same order in which the plaintiff presents them.

### A.   Objection No. 5: "The Report relies excessively on Local Rule 56 to deem facts undisputed [on the] Record." (Doc. No. 46 at 3.)

Local Rule 56.01 requires a party opposing a motion for summary judgment to "respond to the movant's statement of undisputed material facts in a separately filed response" and sets forth the procedure for doing so. L.R. 56.01(e). In addition, Local Rule 56.01(g) states: "If a timely response to a moving party's statement of material facts is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment." Based on the plaintiff's failure to comply with Rule 56.01(e), the Magistrate Judge applied Rule 56.01(g) to find that the facts set forth in the defendant's SUMF were undisputed for purposes of summary judgment. (*See* Doc. No. 42 at 8–9.) The court notes that the Magistrate Judge expressly notified the plaintiff in advance that he was required to respond to the SUMF; yet he failed to do so.

The plaintiff contends that the Magistrate Judge erred in relying on this rule because, as a *pro se* plaintiff, the court must still "examine the entire record." (Doc. No. 46 at 3.) The plaintiff contends that he "submitted evidence and argument disputing Defendant's narrative" and that the Magistrate Judge's "elevating form over substance . . . conflicts with the requirement to view evidence in the light most favorable to the non-moving party." (*Id.*)

First, as set forth above, although *pro se* filings are held to less stringent standards than those drafted by lawyers, *pro se* litigants are not entirely exempt from the requirements of the

Federal Rules of Civil Procedure. Regardless, the plaintiff's status as a *pro se* litigant does not reduce his burden at the summary judgment stage. The Sixth Circuit has repeatedly recognized that "a party's 'status as a *pro se* litigant does not alter his duty on a summary judgment motion' to present evidence demonstrating a material issue for trial." *Curran v. Wepfer Marine Servs., Inc.*, No. 23-5284, 2024 WL 4489916, at *4 (6th Cir. May 20, 2024) (quoting *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); and citing *United States v. Ninety Three Firearms*, 330 F.3d 414, 427–28 (6th Cir. 2003)).

Second, the R&R makes it clear that the Magistrate Judge did review the record as a whole, and his review of the record established that the factual statements in the SUMF are supported by the evidence on which the defendant relies—including the plaintiff's deposition testimony. The plaintiff failed to rebut the defendant's evidence with admissible evidence. Moreover, the Magistrate Judge clearly did draw inferences in favor of the plaintiff and accord him the benefit of the doubt, despite his failure to respond to the SUMF. Finally, except with respect to his more specific objections, addressed below, the plaintiff does not cite any specific instance in which the Magistrate Judge failed to view the evidence in the light most favorable to the plaintiff as the non-moving part.

This objection will be overruled.

**B.     Objection No. 6: "The Report improperly weighs evidence and draws inferences against Plaintiff." (Doc. No. 46 at 3.)**

In support of this objection, the plaintiff states only: "Throughout the analysis, the Report accepts Defendant's interpretation of the evidence while discounting reasonable inferences in Plaintiff's favor. Credibility determinations and weighing of [c]ompeting evidence [are] jury functions, not appropriate at the summary judgment stage." (*Id.*)

This objection is not sufficiently specific to permit a ruling on it, as the plaintiff does not point to any specific instance in which the Magistrate Judge made a credibility determination or failed to draw reasonable inferences in the plaintiff's favor. This objection, therefore, will be overruled. In addition, the court has reviewed the record in its entirety and discerns no error in the Magistrate Judge's recitation of the undisputed facts in this case.

### C.      Objection No. 2: "The Report incorrectly concludes that driving is an essential function . . . of the Field Technician position." (Doc. No. 46 at 2.)

The plaintiff argues that there is a material factual dispute as to whether driving was an essential function of his job and that the R&R erroneously concluded that this fact was undisputed. The plaintiff contends that the record shows that the "primary functions" of the position he formerly held are "testing, sampling, inspection, and reporting." (*Id.* (citing Doc. Nos. 36-2, 36-1).) He concedes that "travel is required," but he nonetheless argues that the "method of transportation is not inherent to the core duties." (*Id.*) He also argues that the fact that ESC "compensates Field Technicians for travel supports the inference that transportation is the means to the work, not the work itself." (*Id.*)

As for this latter argument, the plaintiff is simply incorrect. Under federal labor laws, employers are generally not required to compensate employees for the time spent traveling from home to a job site or from the job site home unless the travel is "an integral and indispensable part of the principal activities" of the plaintiff's job. *Steiner v. Mitchell*, 350 U.S. 247, 253 (1956); *see also Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 448 (2016) (citing 29 U.S.C. § 254(d)); *see also Wilson v. PrimeSource Health Care of Ohio, Inc.*, No. 1:16-CV-1298, 2017 WL 2869341, at *8 (N.D. Ohio July 5, 2017) ("Under the FLSA, when 'an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the days work, and must be

counted as hours worked.'" (quoting 29 C.F.R. § 785.38)). Although this point is not dispositive, the fact that the plaintiff was compensated for his travel gives rise to an inference that it *was* an essential function of his job, rather than an inference that it was *not*.

Regardless, as the R&R points out, the plaintiff has not filed an affidavit or declaration to support his factual assertions, and the admissible evidence in the record firmly establishes that travel—specifically the ability to drive his own vehicle to and between job sites—was an essential component of the plaintiff's job. The plaintiff's offer letter states that, "[d]ue to the amount of traveling for [his] position," the plaintiff's offer was contingent on his owning or having access to a reliable vehicle, a valid driver's license, automobile insurance, and an acceptable driving record. (Doc. No. 37-1 at 51, Ex. 1 to Pl.'s Dep.) The plaintiff testified that he understood that the Field Technician position "required a significant amount of travel" (Doc. No. 37-1, Pl.'s Dep. 19), up to "hundreds of miles per day" (*id.* at 22); and he agreed that he had to "drive and travel to lots of places" while employed as a Field Technician (*id.* at 58). He also repeatedly acknowledged that, because of a doctor's restriction on his ability to drive, he "could not do the driving and traveling required of [his] field technician [job]." (*Id.* at 103; *see also id.* at 106 ("Q. . . . You and I agreed that with the driving restriction, you can't do the field technician job, right? Right? A. Yeah, of course."); *id.* at 116 (same).)

In short, the Magistrate Judge did not err in finding that the record conclusively establishes that driving was one of the essential duties of the plaintiff's Field Technician position.

### D. Objection No. 1: "The Report improperly treats Plaintiff's no-driving restriction as permanent and undisputed."

In this objection, the plaintiff asserts that the R&R "improperly concludes that Plaintiff was not a 'qualified individual' under the ADA because he could not perform the essential function of driving. This conclusion improperly resolves disputed facts." (Doc. No. 46 at 1 (internal citation

omitted).) The plaintiff asserts that his "driving restriction arose from a temporary medical condition following a workplace accident" and was not a "permanent disability." (*Id.*) He asserts that the question of whether the restriction was temporary or "indefinite" is a jury question.

The initial problem with this objection is that it raises an argument not presented in the plaintiff's Response to the Motion for Summary Judgment. It is well established that a claimant may not present new arguments for the first time in objections to a report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Regardless, it is unclear what the point of the plaintiff's argument is. To establish a *prima facie* case of discrimination under the ADA, the plaintiff must show that (1) he is actually disabled or regarded as having a disability; (2) he is otherwise qualified for the position, with or without a reasonable accommodation; (3) he suffered an adverse employment action; (4) his employer knew or had reason to know of his disability; and (5) his position remained open or he was replaced. *Edwards v. Shelby Cnty.*, 159 F.4th 489, 498 (6th Cir. 2025). That is, regardless of whether the plaintiff was actually disabled or simply "regarded as" disabled by the employer, he still must show that he was "otherwise qualified" for his position, with or without a reasonable accommodation. *Id.* Here, it is undisputed on the record that the plaintiff's medical provider placed a no-driving restriction on the plaintiff and that the plaintiff, despite being directed by ECS to do so, never obtained a second opinion lifting the no-driving restriction. It is also undisputed, as discussed above, that the ability to drive was an essential function of the plaintiff's job. Given the plaintiff's failure to show that he could perform an essential function of his position, the questions of whether his disability was temporary or permanent and whether he was actually disabled or simply regarded as disabled are not material, even if the plaintiff could show that they are disputed.

In any event, the defendant apparently presumed for purposes of summary judgment that the plaintiff was disabled or regarded as disabled, so the R&R does so as well. (*See* Doc. No. 42 at 10 n.7.) The R&R focuses on the "otherwise qualified" element of the claim and correctly sets forth the law in this area. Specifically, the ADA defines "qualified individual" to "mean[] an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."42 U.S.C.A. § 12111(8). As the R&R recognizes, "if an individual's disability renders him unable to perform an 'essential function' of his job, he is not a 'qualified individual' protected by the non-discrimination provision of [29 U.S.C. §] 12112." *Wagner v. Sherwin-Williams Co.*, 647 F. App'x 645, 647 (6th Cir. 2016). Moreover, in this situation, "the Act does not require an employer to continue employing the disabled employee, nor does it require the employer to offer that employee an accommodation." *Id.* (citing 29 U.S.C. §§ 12111–12). In *Wagner*, the court affirmed summary judgment for the defendant based on the proof that the plaintiff was unable to drive, that driving was an essential function of his position, and therefore that he was not a "qualified individual" for purposes of the ADA. *Id.* at 651.

The same conclusions pertain here, and the R&R correctly concludes that the plaintiff, due to his driving restriction, cannot show that he was "otherwise qualified" for his job. This objection, too, will be overruled.

### E.     Objection No. 3: "The Report Misapplies the reasonable-accommodation standard." (Doc. No. 46 at 2.)

The plaintiff, arguing that the Magistrate Judge applied an incorrect legal standard, takes issue with the R&R's conclusion that the plaintiff did not request a reasonable accommodation and, therefore, that the plaintiff's claim based on a failure to accommodate necessarily fails.

The Sixth Circuit has stated that, to establish a *prima facie* case of failure to accommodate, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) his employer knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the employer failed to provide the necessary accommodation. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018). That is, as part of his *prima facie* case, the plaintiff must show that he is "otherwise qualified" for his position. As set forth above, the plaintiff cannot establish that he is a "qualified individual." Moreover, a plaintiff "bears the initial burden of proposing an accommodation and showing that accommodation is objectively reasonable." *Hunt v. Monro Muffler Brake, Inc.*, 769 F. App'x 253, 258 (6th Cir. 2019) (quoting *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 870 (6th Cir. 2007)). Under the ADA, a reasonable accommodation "does *not* include removing an essential function from the position, for that is *per se* unreasonable." *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015) (emphasis in original; alterations and internal quotation marks omitted) (quoting *Brickers v. Cleveland Bd. of Educ.*, 145 F.3d 846, 850 (6th Cir. 1998)). Thus, "the ADA does not require employers 'to assign existing employees or hire new employees to perform certain functions or duties of a disabled employee's job which the employee cannot perform by virtue of [his] disability." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 419 (6th Cir. 2021) (quoting *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 632 (6th Cir. 1999)).

Here, although the plaintiff objects that the R&R concludes that the plaintiff failed to offer a reasonable accommodation, the Magistrate Judge, upon review of the entire record, presumed that the plaintiff had requested an accommodation in the form of either borrowing a vehicle from the employer or getting rides to his job sites. (*See* Doc. No. 42 at 11 ("From the evidence that is in the record, it appears that the only accommodation actually requested by Plaintiff was to either be

provided with a company vehicle to drive or to be provided with some type of rideshare or alternative transportation to the work sites.").) The plaintiff argues that there is a question of fact as to whether his requested accommodation was "facially reasonable given Defendant's existing practices." (Doc. No. 46 at 2.)

The plaintiff does not explain what he means by "Defendant's existing practices." Regardless, the record establishes, as set forth above, that the plaintiff was placed under a driving restriction, that the restriction was never lifted, and that driving was an essential function of the plaintiff's job. It would have been *per se* unreasonable to allow an employee with a "no driving" restriction to borrow a company vehicle. It would have been equally unreasonable to reallocate the plaintiff's driving requirements to other employees (or to a ride share service paid for by the employer). This objection, too, will be overruled.

**F.      Objection No. 4: "The Report improperly excuses Defendant's failure to engage in the interactive process." (Doc. No. 46 at 2.)**

The R&R concludes that ECS cannot be liable for failure to engage in the interactive process because no reasonable accommodation existed. The plaintiff objects to this conclusion, arguing that an employer "may be liable where it prematurely ends the interactive process, particularly where accommodations are feasible but unexplored." (*Id.*) He also contends that evidence in the record "supports an inference that Defendant conditioned Plaintiff's continued employment solely on the driving restriction rather than engaging in a meaningful dialogue." (*Id.*)

The plaintiff, however, still has not identified any "feasible but unexplored" accommodation. Further, because driving was an essential function of the plaintiff's job, the employer was justified in conditioning the plaintiff's continued employment on his being able to drive. This objection must also be overruled.

IV.    **CONCLUSION**

For the reasons set forth herein, the plaintiff's Objections (Doc. No. 46) will be overruled. The court will accept the R&R (Doc. No. 42) in its entirety, grant the defendant's Motion for Summary Judgment (Doc. No. 33), and dismiss this case.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge